Loly G. Tor
**K&L GATES LLP**
One Newark Center, 10th Fl.
Newark, NJ 07102
P: (973) 848-4000
F: (973) 848-4001
loly.tor@klgates.com
Attorneys for Plaintiff World
Wrestling Entertainment, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VARIOUS JOHN AND JANE DOES, and VARIOUS XYZ CORPORATIONS, <br><br> Defendants. | Civil Action No.: <br><br> **EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER FOR SEIZURE OF COUNTERFEIT MARKED GOODS, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

Plaintiff World Wrestling Entertainment, Inc. ("WWE"), pursuant to the Federal Trademark Act of 1946, 15 U.S.C. § 1051 et seq., as amended (the "Lanham Act"), including the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d), the All Writs Act, 28 U.S.C. § 1651, and Rule 65(b) of the Federal Rules of Civil Procedure, hereby moves this Court for (1) a Temporary Restraining Order ("TRO") enjoining Defendants' unauthorized production, distribution, and sale of souvenirs, merchandise, memorabilia, and other products bearing counterfeits of

WWE's trademarks and service marks or marks confusingly similar to WWE's trademarks and service marks; (2) an Order authorizing the seizure of goods bearing counterfeit marks wherever they may be found on the premises or within a two-mile radius of the venues where WWE's WrestleMania® 35 weekend events shall be occurring in the East Rutherford, New Jersey area from April 5 through April 7, 2019, including, but not limited to, MetLife Stadium; and (3) an Order to show cause why a preliminary injunction should not issue.

In support of this Motion, WWE submits concurrently herewith a supporting legal memorandum, a Verified Complaint, the Declaration of Lauren Dienes-Middlen, Esq. ("Middlen Dec."), and a proposed Order. In further support of this Motion, WWE states the following:

1. Since at least as early as February 1983, WWE, first doing business as the "World Wrestling Federation" and now doing business as "World Wrestling Entertainment," has provided to the public live and televised wrestling-based sports entertainment events and services (the "WWE Wrestling Services"). See Verified Complaint ¶ 10. In connection therewith, WWE has used, advertised, publicized and presented the WWE Wrestling Services, and related souvenirs, merchandise and other products ("WWE Merchandise") under the WORLD WRESTLING ENTERTAINMENT® mark and certain other service marks and trademarks (collectively, the "WWE Marks"). Id. WWE also exclusively owns or

controls of all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. Id.

2. As more fully set forth in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion ("Memorandum"), WWE will host its marquee event, WrestleMania® 35, on April 7, 2019 at Metlife Stadium in the East Rutherford, New Jersey and continue on a multi-city presentation of live wrestling entertainment events throughout the United States and in many other cities throughout the world ending March 30, 2020 (the last currently scheduled WWE® live event before WrestleMania® 36) (the "2019-2020 Live Events"). Based on past experiences, including the WrestleMania® 29 events that took place in 2013 in this District and other recent WrestleMania® events, WWE believes that Defendants, whose identities and precise whereabouts are currently unknown to WWE, will be selling counterfeit WWE Merchandise in the District of New Jersey before, during and after the WrestleMania® 35 weekend events. See generally Middlen Dec.; World Wrestling Ent., Inc. v. Unidentified Parties, 770 F.3d 1143 (5th Cir. 2014).

3. Defendants' merchandise will bear counterfeit trademarks and service marks unauthorized by WWE and, based on past experience, will be of inferior quality compared to authentic WWE Merchandise. See generally Middlen Dec. Indeed, the merchandise sold by Defendants not only is counterfeit but the

merchandise also threatens public safety. Based on past experience, there are concerns about the quality of the counterfeit goods, such as the flammability level of the ink used to print the t-shirts, and the safety of the design of other goods, including wrestling face masks. Also based on past experience, WWE believes that Defendants will travel from city to city during WWE's 2019-2020 Live Events selling counterfeit merchandise. Id.

4. WWE is entitled to the proposed TRO, Seizure Order and Order to Show Cause because there is a strong probability that WWE will prevail on the merits, and the threat of irreparable harm to WWE is clear and substantial, as WWE's reputation and goodwill stand to be injured by the sale of inferior-quality counterfeit WWE Merchandise.

5. WWE is likely to succeed in showing that the Defendants are using counterfeit WWE marks in connection with the sale, offering for sale, or distribution of goods and services, and further, that the Defendants are part of a concerted operation that follows WWE's 2019-2020 Live Events to sell counterfeit WWE Merchandise that originates from common sources of manufacture.

6. Immediate and irreparable injury to WWE will occur if goods bearing counterfeit marks are not seized because (a) WWE will lose an indefinite number of sales of its genuinely-marked goods that cannot be made up after the events; (b) WWE will suffer loss of reputation and consumer goodwill by the sale of

counterfeit WWE Merchandise; (c) WWE will have no remedy at law against Defendants because it will have no way of learning their identity and volume of their sales of counterfeit WWE Merchandise; and (d) Defendants' counterfeit WWE Merchandise is believed to be of inferior quality to WWE's genuine goods further harming WWE's goodwill and reputation.

7. The goods to be seized will be located on the premises or within a two-mile radius of the venues where WWE's WrestleMania® 35 weekend events shall be occurring in the East Rutherford, New Jersey area from April 5 through April 9, 2019, including, but not limited to, MetLife Stadium.[1]

8. The harm to WWE of denying this application outweighs the harm to any legitimate interests of Defendants. In fact, Defendants have no right whatsoever to sell goods bearing counterfeit marks.

9. In addition, issuance of the requested TRO will protect the public against deception, mistake and potentially unsafe products. The public interest will be served by granting the requested Order because the public has a right to rely on valid trademarks and service marks as accurate indicia of origin of goods and services and the high-quality, safe products associated with those trademarks and

---

[1] WWE will be hosting additional WrestleMania® 35 weekend events in New York, including WWE's NXT Blacklist, WWE's NXT Takeover New York, WWE's Hall of Fame Brooklyn, WWE's RAW Brooklyn, and WWE's Smackdown Brooklyn. However, WWE's request for a TRO is limited to events that will take place in this District including WrestleMania® 35 at MetLife Stadium in East Rutherford, New Jersey.

service marks.

10. The need for the requested relief from the Court is great, as the sale of the infringing, counterfeit goods and the corresponding injury to WWE and the public is expected to occur during the WrestleMania® 35 weekend events in the East Rutherford, New Jersey area from April 5 through April 7, 2019, resulting in irrecoverable lost sales, loss of reputation, and loss of goodwill for WWE, and damage to the consuming public in the form of continued confusion, deception and potential harm to safety. In addition, absent the requested relief, WWE will not be able to obtain speedy relief from the Court.

11. An Order other than an <u>ex parte</u> Seizure Order is not adequate to achieve the purposes of 15 U.S.C. § 1114, which provides remedies for trademark infringement, and the proposed Order is specifically authorized by the Trademark Counterfeiting Act, 15 U.S.C. § 1116(d). WWE has complied with all statutory requirements for the issuance of a Seizure Order pursuant to 15 U.S.C. § 1116(d).

12. If this Motion is denied, neither money damages nor any accounting will be available to WWE as Defendants will leave immediately upon selling the counterfeit goods.

13. Without the granting of the Order of Seizure sought herein, it would be futile for WWE to continue this action. A preliminary injunction without an accompanying Order of Seizure would be ineffective in redressing WWE's

injuries, and in preventing Defendants from committing their deceptive and unlawful trade practices, as they would already have occurred.

14. Accordingly, WWE requests this Court to enter an Order authorizing the seizure of counterfeit WWE Merchandise located on the premises or within a two-mile radius of the venues where WWE's WrestleMania® 35 weekend events shall be occurring in the East Rutherford, New Jersey area from April 5 through April 9, 2019, including, but not limited to, MetLife Stadium. Indeed, this Court previously granted WWE's request for an ex parte TRO and Seizure Order for WrestleMania® 29 in 2013. See World Wrestling Ent., Inc. v. John Does 1-100, No. 13-01918-SRC-CLW (D.N.J. 2013). Moreover, as shown in the Memorandum that follows, courts across the country have granted WWE (and other promoters of sports and entertainment events) orders authorizing the seizure of goods bearing counterfeit marks, like counterfeit WWE Merchandise, on ex parte application. See, e.g., Exhibits 2 and 3 to Memorandum.

15. The certificate of counsel required by Fed. R. Civ. P. 65(b) attesting to the importance of hearing the within motion without notice to Defendants is attached as Exhibit 1 hereto.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests this Court to grant this Motion and enter an Ex Parte Temporary Restraining Order, an Order for Seizure of Counterfeit Marked Goods and an

Order to Show Cause Why a Preliminary Injunction Should Not Issue.

A proposed Order is submitted herewith.

>Respectfully Submitted,
>
>/s/ Loly G. Tor
>Loly G. Tor
>K&L Gates LLP
>One Newark Center, Tenth Floor
>Newark, NJ 07102
>Telephone: (973) 848-4026
>Fax: (973) 848-4001
>E-mail: loly.tor@klgates.com
>
>Jerry S. McDevitt (*pro hac vice* motion to be filed)
>E-mail: jerry.mcdevitt@klgates.com
>Curtis B. Krasik (*pro hac vice* motion to be filed)
>E-mail: curtis.krasik@klgates.com
>Christopher M. Verdini (*pro hac vice* motion to be filed)
>E-mail: christopher.verdini@klgates.com
>K&L Gates LLP
>K&L Gates Center
>210 Sixth Ave.
>Pittsburgh, Pennsylvania 15222
>Telephone: (412) 355-6500
>Facsimile: (412) 355-6501
>*Attorneys for World Wrestling Entertainment, Inc.*

Dated: March 28, 2019