# EXHIBIT 1

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
(973) 848-4000
Attorneys for Plaintiff World
Wrestling Entertainment, Inc.

**FILED**
MAR 27 2019
AT 8:30
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Filed Under Seal**

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN AND JANE DOES 1-100, and XYZ CORPORATIONS 1-100, <br><br> Defendants. | Civil Action No.: <br><br> **ORDER TO SHOW CAUSE ON APPLICATION FOR PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING ORDER AND ORDER FOR SEIZURE OF COUNTERFEIT GOODS** |

Upon the Summons and Verified Complaint, the accompanying supporting Declarations of Christopher A. Barbarisi, Esq, Richard S. Hering and Lauren Dienes-Middlen, each with exhibits thereto, the memorandum of law, and all other pleadings and proceedings presented to the Court, and good cause having been shown;

**IT APPEARING TO THE COURT** that Plaintiff World Wrestling Entertainment, Inc. ("WWE"), is the exclusive owner of numerous trademarks and service marks associated with its wrestling entertainment business, including, but not limited to, the marks set forth in Exhibits 1 and 2 hereto, (collectively, the "WWE Marks"). WWE has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services. WWE also is the exclusive owner of all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and

are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods." All of the WWE Marks listed in Exhibit 1 are federally registered;

**AND IT APPEARING TO THE COURT** that Defendants, who are not licensed or authorized by WWE to use the WWE Marks, and those acting in concert or participation with them, are or will be present on the premises or within a two-mile radius of the venues where WWE's live events shall be occurring beginning on April 4, 2013 and ending March 31, 2014, including, but not limited to, the IZOD Center and MetLife Stadium, which are the locations in East Rutherford, New Jersey where WWE's Wrestlemania® XXIX Weekend Events shall be occurring from April 4 to April 8, 2013, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods. It appears to this Court that Defendants, and those acting in concert or participation with them, will continue to infringe the WWE Marks and to commit unfair competition against WWE by manufacturing, distributing, offering for sale and selling Enjoined Goods, on the premises or within a two-mile radius of halls, arenas, stadiums, or other venues where WWE live events shall occur, including those events listed on the schedule set forth in Exhibit 3 hereto;

**AND IT APPEARING TO THE COURT** that the Enjoined Goods and other materials subject to this Order will be located on the premises or within a two-mile radius of any venue where WWE's Wrestlemania® XXIX Weekend Events shall be occurring in the East Rutherford, New Jersey area from April 4 to April 8, 2013, including, but not limited to, the IZOD Center and MetLife Stadium, as well as on the premises or within a two-mile radius of halls, arenas,

stadiums, or other venues where WWE events shall be occurring during the nationwide series of live events, including as indicated in Exhibit 3 hereto;

**AND IT APPEARING TO THE COURT** that the Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d). The distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114 and would constitute false designation of origin under 15 U.S.C. § 1125(a);

**AND IT APPEARING TO THE COURT** that: (a) WWE is likely to succeed in showing that Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services; (b) WWE will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an ex parte Seizure Order; (c) the harm to WWE Plaintiff should this Court not grant the requested Seizure Order clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted; (d) WWE has not publicized the requested seizure; (e) WWE has given reasonable notice of this Application to the United States Attorney for this District; and (f) WWE has otherwise complied with all statutory requirements for the issuance of an ex parte Seizure Order;

**AND IT APPEARING TO THE COURT** that: (a) it has the authority under 15 U.S.C. § 1116(a), to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a); to grant, ex parte, a seizure order for goods that bear counterfeits of trademarks and service marks under 15 U.S.C. § 1116(d); to grant, ex parte, under the All Writs Act, 28 U.S.C. § 1651, a seizure order for goods that are infringing but are not counterfeits within the meaning of 15 U.S.C. § 1116(d); and (b) no order other than an ex parte seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a);

**AND IT APPEARING TO THE COURT** that notice of this Application need not be given to Defendants because: (a) the identities and whereabouts of Defendants are currently unknown; (b) Defendants have no business identity or stable place of business before or after WWE's wrestling events and cannot be identified; and (c) Defendants who can be located and identified likely will cause the immediate concealment or destruction of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court;

**IT IS HEREBY ORDERED** that Defendants, various John Does, Jane Does and XYZ Companies, their true identities being unknown, show cause before this Court, at 50 Walnut Street, Newark, New Jersey 07101, in Courtroom 2 on the 16 day of April, 2013, at 1:00 a.m./p.m., or as soon thereafter as counsel can be heard, why an order should not be entered granting Plaintiff a preliminary injunction enjoining Defendants, and all those acting in concert with them, from manufacturing, distributing, offering for sale, or selling the Enjoined Goods and/or raise any objection concerning any seizure effected pursuant to this Order; and

**IT IS FURTHER ORDERED** that *effective at 12:01 a.m. on April 2, 2013* (the "Effective Date" of this Order), and pending a hearing and determination of this application, or the expiration of fourteen (14) days from the Effective Date of this Order, unless extended by the Court, whichever shall first occur:

1. the Defendants, various John and Jane Does and various XYZ Corporations, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from:

    (a)    manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not

      been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff, including but not limited to those set forth in Exhibits 1 and 2 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logo.

 (b) representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by WWE and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

 1. Any federal, state, or local law enforcement officer, and/or Plaintiff, and/or Plaintiff's duly authorized trademark enforcement team including any employees or independent contractors retained thereby, and/or all persons acting under the supervision and control thereof (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, or motor vehicles. All seized items shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys pending further instructions from the Court. The seized goods shall be kept in identifiable containers.

 2. No Enforcement Official may enter into and upon, nor if necessary, temporarily detain, any such containers, vessels, or motor vehicles unless he or she does so in the presence of and under the supervision of a federal, state or local law enforcement officer.

 4. The Enforcement Officials acting hereunder are authorized to carry out the foregoing on the premises or within a two-mile radius of the halls, arenas, stadiums or other venues where a WWE live event shall be occurring beginning on April 4, 2013 and ending

- 5 -

March 31, 2014, from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event, including, but not limited to, any venue where WWE's Wrestlemania® XXIX Weekend Events shall be occurring in the East Rutherford, New Jersey area from April 4 to April 8, 2013, including, but not limited to, the IZOD Center and MetLife Stadium.

5. Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder, shall provide the items sought to be seized wherever such items are maintained and shall provide their correct names, residential and business addresses and telephone numbers.

**IT IS FURTHER ORDERED** that this order is conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking, in the form of a cash bond, corporate security bond or other form approved by the Court, in the amount of $10,000 to secure the payment of such costs and damages, not to exceed such sum, as may be incurred or suffered by any party who is found to have been wrongfully restrained hereby; and

**IT IS FURTHER ORDERED** that simultaneously with any seizure made pursuant to this Order, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of this Order together with the Summons and the Verified Complaint in this action, by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of 18 years who is not a party to this action; and

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1116(d)(8), this Order, along with the supporting Verified Complaint and other supporting documents, shall be filed under seal and shall remain sealed until the Defendants have an opportunity contest this Order;

Dated: March 27, 2013
3:20 am/pm

U.S.D.J.

- 6 -

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
(973) 848-4000
Attorneys for Plaintiff World
Wrestling Entertainment, Inc.

*This matter is hereby unsealed*
[signature]
4/16/13

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Filed Under Seal**

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HERBERT REID, BYRON DOUGLAS, VICTOR WILLIAM PRITCHARD, SCOTT DREGER, WILLIAM S. BROWN, KENNETH ASAL, JOHN AND JANE DOES 1-100, and XYZ CORPORATIONS 1-100, <br><br> Defendants. | Civil Action No.: 13-cv-1918 <br><br> **PRELIMINARY INJUNCTION AND ORDER FOR SEIZURE OF COUNTERFEIT GOODS** |

[Stamp: 2013 APR 16 AM 8:28 RECEIVED CLERK, U.S. DISTRICT COURT DISTRICT OF NEW JERSEY]

Plaintiff World Wrestling Entertainment, Inc. ("WWE") having brought this matter before the Court by Order to Show Cause for an injunction enjoining and restraining the defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise that bear any mark, word, or name identical or confusingly similar to any of the WWE trademarks and service marks set forth in Exhibits 1 and 2 hereto or the names or likenesses of any of WWE's current wrestlers (collectively, the "WWE Marks"), and service of the summons and complaint having been effected upon the defendants; and WWE's application for a preliminary injunction and order of seizure having come for a hearing before the Honorable Stanley R. Chesler, United States District Judge, on April 16, 2013 at 1:00 p.m. at

the United States District Court for the District of New Jersey, 50 Walnut Street, Newark, New Jersey 07101 in Courtroom 2, and defendants having been notified of said hearing, and WWE having appeared by its counsel, and there having been no other appearances,

**WHEREAS**, on presentation and consideration of Plaintiff's Verified Complaint, the accompanying supporting Declarations of Christopher A. Barbarisi, Esq, Richard S. Hering and Lauren Dienes-Middlen, each with exhibits thereto, the memorandum of law, the Amended Complaint, Supplemental Declaration of Lauren Dienes-Middlen and all other pleadings and proceedings presented to the Court, the Court finds as follows.

1. WWE is the exclusive owner of the "WWE Marks. WWE has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services. WWE also is the exclusive owner of all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods." All of the WWE Marks listed in Exhibit 1 are federally registered.

2. Defendants, who are not licensed or authorized by WWE to use the WWE Marks, and those acting in concert or participation with them, were and will be present on the premises or within a three-mile radius of the venues where WWE's live events shall be occurring beginning on April 4, 2013 and ending March 31, 2014, including, but not limited to, the IZOD Center and MetLife Stadium, which are the locations in East Rutherford, New Jersey where WWE's Wrestlemania® XXIX

Weekend Events shall be occurring from April 4 to April 8, 2013, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods. It appears to this Court that Defendants, and those acting in concert or participation with them, will continue to infringe the WWE Marks and to commit unfair competition against WWE by manufacturing, distributing, offering for sale and selling Enjoined Goods, on the premises or within a three-mile radius of halls, arenas, stadiums, or other venues where WWE live events shall occur, including those events listed on the schedule set forth in Exhibit 3 hereto.

3. The Enjoined Goods and other materials subject to this Order were located on the premises or within a three-mile radius of the venues where WWE's Wrestlemania® XXIX Weekend Events occurred in the East Rutherford, New Jersey area from April 4 to April 8, 2013, including, but not limited to, the IZOD Center and MetLife Stadium, as well as on the premises or within a three-mile radius of halls, arenas, stadiums, or other venues where WWE events shall be occurring during the nationwide series of live events, including as indicated in Exhibit 3 hereto.

4. The Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d). The distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114 and would constitute false designation of origin under 15 U.S.C. § 1125(a).

5. Copies of the Court's March 27, 2013 Order to Show Cause, and the Summons and Verified Complaint have been served upon the defendants, and Enjoined Goods have been obtained from the Defendants.

**NOW, THEREFORE, IT IS HEREBY ORDERED,**

    1.    Defendants, including the John and Jane Does, and XYZ Corporations not yet identified, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, ENJOINED and RESTRAINED from:

    (a)    manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff, including but not limited to those set forth in Exhibits 1 and 2 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logo.

    (b)    representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by WWE and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

    2.    Any federal, state, or local law enforcement officer, and/or Plaintiff, and/or Plaintiff's duly authorized trademark enforcement team including any employees or independent contractors retained thereby, and/or all persons acting under the supervision and control thereof (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, or motor vehicles. All seized items shall be

delivered up to the care and custody of Plaintiff or Plaintiff's attorneys. The seized goods shall be kept in identifiable containers. If the Defendants from whom such merchandise is seized do not move for relief in accordance with this Order within thirty (30) days of said seizure, said merchandise shall be delivered up to Plaintiff for destruction or other disposition.

3. No Enforcement Official may enter into and upon, nor if necessary, temporarily detain, any such containers, vessels, or motor vehicles unless he or she does so in the presence of and under the supervision of a federal, state or local law enforcement officer.

4. The Enforcement Officials acting hereunder are authorized to carry out the foregoing on the premises or within a three-mile radius of the halls, arenas, stadiums or other venues where a WWE live event occurs during the duration of this Order, including but not limited to, from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event.

5. Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder, shall provide the items sought to be seized wherever such items are maintained and shall provide their correct names, residential and business addresses and telephone numbers.

**IT IS FURTHER ORDERED** that simultaneously with any seizure made pursuant to this Order, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of this Order together with the Amended Complaint in this action, by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of 18 years who is not a party to this action; and

**IT IS FURTHER ORDERED** that any Defendant who is hereafter served with a copy of this Order and objects to the provisions hereof may submit his or her objections to the Court or otherwise move for relief from the Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court; and

**IT IS FURTHER ORDERED** that the Injunction Bond posted by WWE on April 1, 2013 in the amount of $10,000 shall remain in full force and effect throughout the duration of this Order; and

**IT IS FURTHER ORDERED** that this Order shall expire twenty-four (24) hours after the March 31, 2014 WWE Live Event listed on Exhibit 3 hereto; and

**IT IS FURTHER ORDERED** that within one month of the expiration of this Order, WWE shall file any necessary motions and/or request for a Final Hearing in this Action.

Dated: April __, 2013

_____
Honorable Stanley R. Chesler, U.S.D.J.

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
(973) 848-4000
Attorneys for Plaintiff World
Wrestling Entertainment, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HERBERT REID, BYRON DOUGLAS, VICTOR WILLIAM PRITCHARD, SCOTT DREGER, WILLIAM S. BROWN, KENNETH ASAL, JOHN AND JANE DOES 1-100, and XYZ CORPORATIONS 1-100, <br><br> Defendants. | Civil Action No.: 13-cv-1918 <br><br> **FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT WILLIAM S. BROWN** |

**THIS MATTER** having been brought before this Court on application by Plaintiff WORLD WRESTLING ENTERTAINMENT, INC. ("WWE"), by and through its attorneys, K&L Gates, LLP, Christopher A. Barbarisi, Esq., appearing, and Defendant WILLIAM S. BROWN ("Brown"), through his attorneys, Kim Krizman LLC, Firouzeh Nur-Vaccaro, Esq., appearing, and having agreed to the provisions of this Final Consent Judgment and Permanent Injunction (the "Final Consent Judgment") as set forth herein; and

**WHEREAS**, WWE brought this matter before the Court by Order to Show Cause for an injunction enjoining and restraining the defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise that bear any mark, word, or name

identical or confusingly similar to any of the WWE trademarks and service marks set forth in Exhibits 1 and 2 hereto or the names or likenesses of any of WWE's current wrestlers (collectively, the "WWE Marks"); and

**WHEREAS**, WWE is the exclusive owner of the "WWE Marks" and has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services. WWE also is the exclusive owner of all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods."; and

**WHEREAS**, on March 27, 2013, the Court issued a temporary restraining order and order of seizure of goods bearing counterfeit marks within the meaning of 15 U.S.C. § 1116(d) (the "TRO"); and

**WHEREAS**, pursuant to the TRO, WWE seized counterfeit goods, constituting various CD/DVD box-sets, from BROWN on April 7, 2013 (the "Seized Goods') at the Meadowlands Exposition Center; and

**WHEREAS**, WWE subsequently filed and served an Amended Verified Complaint and, on April 16, 2013, obtained a Preliminary Injunction and Order for Seizure of Counterfeit Goods (the 'Preliminary Injunction'); and

**WHEREAS**, BROWN is not licensed or authorized by WWE to use the WWE Marks; and

- 2 -

**WHEREAS,** WWE and BROWN wish to resolve this litigation as between themselves and consent to the form and entry of this Final Consent Judgment by themselves and/or through their undersigned counsel; and for good cause shown;

It is on this 19 day of Aug, 2013,

**ORDERED and ADJUDGED** that:

1. Defendant BROWN, along with his partners, agents, servants, associates, representatives, assigns, and all others under his control or in active concert or participation with BROWN, is hereby PERMANENTLY ENJOINED and RESTRAINED from manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by WWE and which bear any of the trademarks and service marks of WWE, including but not limited to those set forth in Exhibits 1 and 2 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logo.

2. The Seized Goods are permanently forfeited to WWE.

3. Any subsequent violations of this Final Consent Judgment by BROWN shall permit WWE, in addition to seeking any and all legal and equitable remedies provided by law, to further seize any and all additional Enjoined Goods, under the terms set forth in the Preliminary Injunction.

4. That upon entry of this Final Consent Judgment: (a) the claims asserted in the pleadings that have been filed in this litigation as between WWE and BROWN shall be concluded; and (b) all other claims in this lawsuit that are not between WWE and BROWN shall be unaffected by this judgment and shall remain in full force.

5. This Court shall retain jurisdiction over this matter to ensure compliance with the terms of this Final Consent Judgment and WWE and BROWN each irrevocably and unconditionally consent to the jurisdiction of this Court for any matters concerning compliance with this Final Consent Judgment.

6. There shall be no appeal from this Final Consent Judgment.

7. This Final Consent Judgment may be executed in counterparts, each of which shall be deemed an original, but all of which shall together be one and the same Final Consent Judgment.

Dated: August 19, 2013

Honorable Stanley R. Chesler, U.S.D.J.

Upon the consent of:

For WORLD WRESTLING ENTERTAINMENT, INC.,

Christopher A. Barbarisi, Esq.
K&L GATES, LLP
One Newark Center, Tenth Floor
Newark, N.J. 07102-5285

Dated: 8/14/13

For Defendant William S. Brown

William S. Brown

Dated: 8/8/13

-and-

Firouzeh Nur-Vaccaro, Esq.
Kim Krizman LLC
1307 White Horse Road, Suite 601
Voorhees, N.J. 08043

Dated: 8/13/13

- 4 -