Loly G. Tor
**K&L GATES LLP**
One Newark Center, 10th Fl.
Newark, NJ 07102
P: (973) 848-4000
F: (973) 848-4001
loly.tor@klgates.com
Attorneys for Plaintiff World
Wrestling Entertainment, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VARIOUS JOHN AND JANE DOES, and VARIOUS XYZ CORPORATIONS, <br><br> Defendants. | Civil Action No.: *19- 9039* <br><br> **████████TEMPORARY RESTRAINING ORDER, ORDER FOR SEIZURE OF COUNTERFEIT MARKED GOODS, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

Based upon the Verified Complaint, the <u>Ex</u> <u>Parte</u> Motion For Temporary Restraining Order, Order for Seizure of Counterfeit Marked Goods and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion"), the Memorandum and Declaration submitted in support of the Motion, and all other pleadings and proceedings presented to the Court, and good cause having been shown;

**IT APPEARING TO THE COURT** that (1) Plaintiff World Wrestling Entertainment, Inc. ("WWE"), exclusively owns or controls the trademarks and service marks set forth in Exhibits 1 and 2 hereto (collectively, the "WWE Marks"); (2) WWE has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services; (3) WWE exclusively owns or controls all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers; (4) the WWE Marks are distinctive and are widely recognized by the public; and (5) goods that bear the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods";

**AND IT APPEARING TO THE COURT** that (1) Defendants, who are not licensed or authorized by WWE to use the WWE Marks, and those acting in concert or participation with them, are or will be present on the premises or within a two-mile radius of WWE's WrestleMania® 35 event that will take place on April 7 at MetLife Stadium and on the premises or within a two-mile radius additional WWE-sponsored activities related to WrestleMania® 35, such as meet and greets with its Superstars, that will occur on April 5 and 6, 2019 in other parts of New Jersey (the "WrestleMania® 35 Weekend Events"), for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods and (2) Defendants, and those acting in concert or participation with them, will continue to

303086534 v1

infringe the WWE Marks and to commit unfair competition against WWE by manufacturing, distributing, offering for sale and selling Enjoined Goods at WWE's 2019-2020 live event tour;

**AND IT APPEARING TO THE COURT** that the Enjoined Goods will be located on the premises or within a two-mile radius of WWE's WrestleMania® 35 event that will take place on April 7 at MetLife Stadium and on the premises or within a two-mile radius additional WWE-sponsored activities related to WrestleMania® 35, such as meet and greets with its Superstars, that will occur on April 5 and 6, 2019 in other parts of New Jersey, as well as on the premises or within a two-mile radius of venues where other WWE events shall be occurring during WWE's 2019-2020 live event tour;

**AND IT APPEARING TO THE COURT** that (1) the Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d); and (2) the distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114 and would constitute false designation of origin under 15 U.S.C. § 1125(a);

**AND IT APPEARING TO THE COURT** that: (1) WWE is likely to succeed in showing that Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services; (2)

WWE will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an ex parte Seizure Order; (3) the harm to WWE should this Court not grant the requested Seizure Order clearly outweighs any harm which Defendants might incur if the Seizure Order is granted; (4) WWE has not publicized the requested seizure; (5) WWE has given reasonable notice of this Application to the United States Attorney for this District; and (6) WWE has otherwise complied with all statutory requirements for the issuance of an ex parte Seizure Order;

**AND IT APPEARING TO THE COURT** that: (1) it has the authority under 15 U.S.C. § 1116(a), to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a); (2) to grant, ex parte, a seizure order for goods that bear counterfeits of trademarks and service marks under 15 U.S.C. § 1116(d); and (3) no order other than an ex parte seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a);

**AND IT APPEARING TO THE COURT** that notice of this Order need not be given to Defendants because: (1) the identities and whereabouts of Defendants are currently unknown; (2) Defendants have no business identity or stable place of business before or after WWE's wrestling events and cannot be identified; and (3) Defendants who can be located and identified likely will cause

303086534 v1

the immediate concealment or destruction of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court;

**IT IS HEREBY ORDERED** that Defendants, various John Does, Jane Does and XYZ Companies, their true identities being unknown, show cause before this Court, at 50 Walnut Street, Newark, New Jersey 07101, in Courtroom *5C*, on the *3rd* day of April, 2019, at *11:30* a.m./~~p.m.~~ or as soon thereafter as counsel can be heard, why an order should not be entered granting WWE a preliminary injunction enjoining Defendants, and all those acting in concert with them, from manufacturing, distributing, offering for sale, or selling the Enjoined Goods and/or raise any objection concerning any seizure effected pursuant to this Order; and

**IT IS FURTHER ORDERED** that, effective at 12:01 a.m. on April 4, 2019:

1. Defendants, various John and Jane Does and various XYZ Corporations, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily **ENJOINED** and **RESTRAINED** from:

   (a) selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not been

303086534 v1

authorized by Plaintiff and which bear the WWE Marks, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logo.

(b)    representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by WWE and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

2.    Federal, state, and local law enforcement officers are hereby authorized and directed to seize any and all Enjoined Goods and any records documenting the manufacture, sale or receipt of the Enjoined Goods, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them. All seized items shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys pending further instructions from the Court. The seized goods shall be kept in identifiable containers.

3.    Federal, state, and local law enforcement officers acting hereunder are authorized to carry out the foregoing on the premises or within a two-mile radius of the venues where WWE's WrestleMania® 35 Weekend Events shall be occurring in the New Jersey area from April 5 through April 7, 2019, including, but not limited to, MetLife Stadium.

4.    Defendants shall cooperate during any such seizure hereunder, shall provide the items sought to be seized wherever such items are maintained and shall

303086534 v1

provide their correct names, residential and business addresses and telephone numbers.

**IT IS FURTHER ORDERED** that this order is conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking, in the form of a cash bond, corporate security bond or other form approved by the Court, in the amount of $ _10,000.00_ to secure the payment of such costs and damages, not to exceed such sum, as may be incurred or suffered by any party who is found to have been wrongfully restrained hereby; and

**IT IS FURTHER ORDERED** that simultaneously with any seizure made pursuant to this Order, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of this Order together with the Summons and the Verified Complaint in this action and shall be offered a receipt reflecting the Enjoined Goods seized.

Dated: March 24, 2019

_____
U.S. District Judge

303086534 v1