Loly G. Tor
**K&L GATES LLP**
One Newark Center, 10th Fl.
Newark, NJ 07102
P: (973) 848-4000
F: (973) 848-4001
loly.tor@klgates.com
Attorneys for Plaintiff World
Wrestling Entertainment, Inc.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br>Plaintiff, <br><br>vs. <br><br>ERIC D. MOORE, ANTHONY SIMMONS, LOUIS E. MOORE, LILLAR R. HAYES, ANDRE OQUINN, PARIS E. LEACRAFT, DEVON BROWN, MITCHELL J. SLATER, TYREAK RUSH, JOHN AND JANE DOES 1-100, and XYZ CORPORATIONS 1-100, <br><br>Defendants. | Civ. Act. No.: 19-cv-9039-SDW-LDW <br><br>[~~PROPOSED~~] **PRELIMINARY INJUNCTION AND ORDER FOR SEIZURE OF COUNTERFEIT GOODS** |

Plaintiff World Wrestling Entertainment, Inc. ("WWE") having brought this matter before the Court by Order to Show Cause for an injunction enjoining and restraining the defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise that bear any mark, word, or name identical or confusingly similar to any of the WWE trademarks and

303234204 v1

service marks set forth in Exhibits 1 and 2 hereto or the names or likenesses of any of WWE's current wrestlers (collectively, the "WWE Marks"), and service of the summons and complaint having been effected upon the defendants; and WWE's application for a preliminary injunction and order of seizure having come for a hearing before the Honorable Susan D. Wigenton, United States District Judge, on April 15, 2019 at 12:00 p.m. at the United States District Court for the District of New Jersey, 50 Walnut Street, Newark, New Jersey 07101 in Courtroom 5C, and defendants having been notified of said hearing, and WWE having appeared by its counsel, and there having been no other appearances,

WHEREAS, on presentation and consideration of Plaintiff's Verified Complaint, the Ex Parte Motion For Temporary Restraining Order, Order for Seizure of Counterfeit Marked Goods and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion"), the Memorandum and Declaration submitted in support of the Motion, the Amended Verified Complaint, Supplemental Declaration of Lauren Dienes-Middlen and all other pleadings and proceedings presented to the Court, the Court makes the following findings of fact and conclusions of law:

1.   WWE exclusively owns or controls the WWE Marks. WWE has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services. WWE exclusively

303234204 v1

owns or controls all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and are widely recognized by the public. Goods that bear the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Counterfeit Merchandise;"

2. Defendants, who are not licensed or authorized by WWE to use the WWE Marks, and those acting in concert or participation with them, were at WWE's WrestleMania® 35 event that took place on April 7 at MetLife Stadium and will be present on the premises or within a three-mile radius of the venues where WWE's live events shall be occurring from April 8, 2019 through March 30, 2020, for the purpose of manufacturing, distributing, offering for sale, and selling Counterfeit Merchandise. Defendants, and those acting in concert or participation with them, will continue to infringe the WWE Marks and to commit unfair competition against WWE by manufacturing, distributing, offering for sale and selling Counterfeit Merchandise at WWE's 2019-2020 live event tour;

3. The Counterfeit Merchandise was located on the premises of WWE's WrestleMania® 35 event that took place on April 7 at MetLife Stadium and will be located on the premises or within a two-mile radius of venues where other WWE events shall be occurring during WWE's 2019-2020 live event tour;

303234204 v1

4. The Counterfeit Merchandise are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d); and (2) the distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114 and would constitute false designation of origin under 15 U.S.C. § 1125(a);

5. The Court further finds: (a) WWE is likely to succeed in showing that Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services; (b) WWE will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant a preliminary injunction and order of seizure; (c) the harm to WWE should this Court not grant the requested preliminary injunction and order of seizure clearly outweighs any harm which Defendants might incur if the preliminary injunction and order of seizure is granted; (d) the public interest is served with the issuance of the preliminary injunction and order of seizure;

6. The Court has the authority under 15 U.S.C. § 1116(a), to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a) and to grant a seizure order for goods that bear counterfeits of trademarks and service marks under 15 U.S.C. § 1116 (a) and (d) and the Court finds that no order other than a preliminary injunction and seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

Accordingly, it is **IT IS HEREBY ORDERED and ADJUGED** as follows:

1. Defendants, including John and Jane Does and XYZ Corporations not yet identified, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, ENJOINED and RESTRAINED from:

   (a) selling, offering for sale, holding for sale, distributing, or offering to distribute any Counterfeit Merchandise which has not been authorized by Plaintiff and which bear the WWE Marks, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logo.

   (b) representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by WWE and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Counterfeit Merchandise.

2. Federal, state, and local law enforcement officers are hereby authorized and directed to seize any and all Counterfeit Merchandise and any records documenting the manufacture, sale or receipt of the Counterfeit Merchandise, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them. All seized items shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys pending

further instructions from the Court. The seized goods shall be kept in identifiable containers.

3. Federal, state, and local law enforcement officers acting hereunder are authorized to carry out the foregoing on the premises or within a three-mile radius of the venues where WWE's live events shall be occurring from April 8, 2019 through March 30, 2020.

4. Defendants shall cooperate during any such seizure hereunder, shall provide the items sought to be seized wherever such items are maintained and shall provide their correct names, residential and business addresses and telephone numbers.

5. Simultaneously with any seizure made pursuant to this Order, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of this Order together with the Complaint in this action by the enforcement officer making the seizure.

6. Any Defendant who is hereafter served with a copy of this Order and objects to the provisions hereof may submit his or her objections to the Court or otherwise move for relief from the Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by the Court.

303234204 v1

7. The Injunction Bond posted by WWE on April 2, 2019, in the amount of $10,000 shall remain in full force and effect throughout the duration of this Order.

8. This Order shall expire on March 31, 2020.

**IT IS FURTHER ORDERED** that within one month of the expiration of this Order, WWE shall file any necessary motions and/or request for a Final Hearing in this Action.

Dated: April 15, 2019

_____
Honorable Susan D. Wigenton, U.S.D.J.