Loly G. Tor
**K&L GATES LLP**
One Newark Center, 10th Fl.
Newark, NJ 07102
P: (973) 848-4000
F: (973) 848-4001
loly.tor@klgates.com
Attorneys for Plaintiff World
Wrestling Entertainment, Inc.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ERIC D. MOORE, ANTHONY SIMMONS, LOUIS E. MOORE, LILLAR R. HAYES, ANDRE OQUINN, PARIS E. LEACRAFT, DEVON BROWN, MITCHELL J. SLATER, TYREAK RUSH, JOHN AND JANE DOES 1-100, and XYZ CORPORATIONS 1-100, <br><br> Defendants. | Civ. Act. No.: 19-cv-9039-SDW-LDW <br><br> **DECLARATION OF CHRISTOPHER M. VERDINI TO SHOW GOOD CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED** |

I, Christopher M. Verdini, hereby state as follows:

1. I am a partner with K&L Gates, LLP, attorneys for Plaintiff World Wrestling Entertainment, Inc. ("WWE") in connection with the above-captioned action. I submit this declaration in response to the Court's Notice of Call For

303855910 v1

Dismissal Pursuant to Local Civil Rule 41.1(a) filed on September 30, 2019 (Dkt. 19).

2. WWE commenced this action on March 28, 2019 by filing a Verified Complaint and Ex Part Motion for Temporary Restraining Order, Order for Seizure of Counterfeit Marked Goods and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion").

3. On March 29, 2019, the Court granted WWE's Motion and issued a TRO and Order of Seizure (the "TRO/Seizure Order") enjoining and restraining Defendants, and those acting in concert with them, from, among other things, selling merchandise that bear any mark, word, or name identical or confusingly similar to any trademarks owned by WWE, and ordering the seizure of such goods bearing counterfeit marks sold in the vicinity of WWE's WWE's WrestleMania® 35 event that took place on April 7 at MetLife Stadium in East Rutherford, New Jersey.

4. During the WrestleMania® 35 Weekend Events, WWE encountered numerous individuals storing counterfeit merchandise in cars and vans and selling and offering to sell the counterfeit merchandise in and around MetLife Stadium.

5. Under the authority of the Court's TRO/Seizure Order, WWE was able to seize counterfeit merchandise and served nine (9) counterfeiters with the Verified Complaint and the TRO/Seizure Order.

303855910 v1

6. WWE applied for a preliminary injunction and order of seizure which was heard by the Court on April 15, 2019 at 12:00 p.m. at the United States District Court for the District of New Jersey, 50 Walnut Street, Newark, New Jersey 07101 in Courtroom 5C.

7. Despite having notice of the preliminary injunction hearing, no Defendants appeared. Thereafter, the Court issued a Preliminary Injunction and Order of Seizure of Counterfeit Goods (the "PI Order").

8. By its terms, the PI Order expires March 31, 2020.

9. On September 30, 2019, the Court issued a Notice of Call for Dismissal Pursuant to Local Civil Rule 41.1(a). Dkt. 19. Pursuant to Local Civil Rule 41.1(a), WWE respectfully submits that WWE has taken and will continue to take the following good faith efforts to prosecute this action.

10. Since entry of the Court's PI Order, WWE has enforced the Court's PI Order against counterfeiters that have appeared at its Live Events. Under the authority of the Court's PI Order, WWE has successfully seized counterfeit goods from counterfeiters at WWE events. However, when WWE has attempted to serve counterfeiters, those individuals have refused service of the PI Order, refused to provide contact information or have simply run off when approached by WWE Enforcement Officials.

11. As a result, while WWE continues to engage in good faith efforts to identify additional counterfeiters to name as defendants, WWE has been unable to do so given that (1) none of the named Defendants have appeared in this case by answer or otherwise and (2) additional counterfeiters have refused to provide any information to WWE that would allow WWE to add them as named defendants.

12. Based on WWE's past experiences with counterfeiters and enforcement of injunctions and orders of seizure against counterfeiters, WWE does not expect that any Defendant will appear in this case.

13. WWE respectfully submits that the named Defendants' failure to appear before this Court and the unnamed defendants' refusal to identify themselves should not inhibit WWE from continuing to prosecute this action including by enforcing the Court's PI Order until it expires on March 31, 2020, and is, in fact, the precise reason why WWE needs to be allowed to enforce the Court's PI Order until such time.

14. As this Court's PI Order provides, WWE will file any necessary motions, which may include dismissal of the action, and/or request for a final hearing within one month after PI Order expires.

WHEREFORE, in light of the foregoing, WWE respectfully submits that good cause exists for this case not to be dismissed for lack of prosecution.

I certify under penalty of perjury that the foregoing statements are true and correct.

Executed on October 11, 2019.

_____
Christopher M. Verdini (admitted *pro hac vice*)
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA
Telephone: (412) 355-6766
E-mail: christopher.verdini@klgates.com